ELLIS, Judge.
Final judgment of divorce, fixing custody, alimony and child support was rendered between the parties hereto by the First Judicial District Court for the Parish of Caddo on February 11, 1969.
On June 5, 1969, plaintiff filed a rule to increase child support in the Family Court for the Parish of East Baton Rouge, where defendant was then domiciled. Defendant filed declinatory exceptions of improper venue and lack of jurisdiction over the subject matter.
The minutes of the court reveal that on June 16, 1969, the judge heard argument on the exceptions and, for oral reasons, “sustained the objection”. On application of plaintiff, we issued an alternative writ of certiorari, ordering the judge to “recall his decree of June 16, 1969, sustaining the exceptions of venue and jurisdiction, and to overrule same and continue with the trial of this case” or to show cause why *755 the writ should not be made peremptory. The latter alternative was chosen, and, in due course, the record was transmitted to this court.
We now find that no judgment has been signed by the trial judge, and there is therefore nothing for us to rule on. If the judge intended to dismiss the suit for lack of jurisdiction, the judgment to be rendered would be appealable. On the other hand, if he intended to find improper venue and transfer the case to another court, the judgment is interlocutory and not appeal-able in the absence of a showing of irreparable injury. Broussard v. Liberty Mutual Insurance Co., 210 So.2d 411 (La.App. 3 Cir. 1968).
The writ is, therefore, recalled and the case remanded to the trial court, with all costs to be paid by applicant.
Writ recalled.